

**IN THE
TENTH COURT OF APPEALS**

**No. 10-16-00093-CV**

**IN THE INTEREST OF G.L.B., A CHILD**

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2015-152-3**

**MEMORANDUM  OPINION**

Raising one issue, Appellant C.B. appeals the trial court's termination of her parental rights to her child G.L.B. under subsections D, E, N, and O after a bench trial. We will affirm.

Appellant's issue asserts that the trial court erred in not granting a 180-day extension of the statutory dismissal deadline under Family Code subsection 263.401(b), which allows the trial court to extend the dismissal deadline if the court finds "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b) (West Supp. 2015).

We review a trial court's denial of an extension request under section 263.401(b) for an abuse of discretion. *In re D.M.*, 244 S.W.3d 397, 416 (Tex. App.—Waco 2007, no pet.) (op. on reh'g); *see also In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied); *In re D.W.*, 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008), *pet. denied per curiam*, 260 S.W.3d 462 (Tex. 2008). "The focus is on the needs of the child, whether extraordinary circumstances necessitate the child remaining in the temporary custody of the Department, and whether continuing such is in the best interest of the child." *A.J.M.*, 375 S.W.3d at 604.

> To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

> An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision.

*D.W.*, 249 S.W.3d at 647 (citations omitted).

The Department removed the child based on allegations of domestic violence and Appellant's drug abuse (methamphetamines). Appellant's service plan required her to complete a drug and alcohol assessment, which she did. Appellant entered drug treatment twice for her methamphetamine addiction and was unsuccessful. At the time of the final hearing, she was undergoing in-patient drug treatment.

On October 19, 2015, Appellant filed her Motion for Extension Pursuant to Texas

Family Code 263.401; among other things, the motion stated that she had entered a drug treatment program as of October 5, 2015, was participating in ongoing therapeutic services, and needed "more time to complete the services and demonstrate sobriety." Appellant asked the trial court to find extraordinary circumstances.

At the November 10, 2015 Second Permanency Hearing, Appellant's attorney advised the trial court that he had filed a motion for extension that had not been set for hearing. Appellant was not present at this hearing. The trial court set the case for trial on January 12, 2016 and withheld ruling on the motion. According to the trial court, it was "no skin off of anybody's nose ... if we go ahead and go toward the last of the year. That does give [Appellant] if she is in rehabilitation now, we can see if she's actually going to stay. We're going to see if she completes the program and see what she does. If she is in a program and if she does stay and complete it, that may be a - - that may be a situation for extenuating circumstances, … ."

On January 12, 2016, when this case was called for trial, Appellant was not present; she was in inpatient-drug rehab and had been there since December 28, 2015. Her attorney re-urged the motion for an extension. The Department opposed the extension because Appellant had "done no services," had "attempted rehab two times before, dropped out, relapsed, had not completed the rehab programs already multiple times in this case," and had not been visiting the child. The Department did not believe that it was in the child's best interest to prolong the case to give Appellant yet another chance to do what they had asked her to do a year ago and delay the child's permanency. The child's ad litem also opposed the extension because, other than her

"late-in-the-day effort to work services" regarding drug rehab, Appellant really had done nothing else on her service plan. The ad litem also argued that G.L.B. had been thriving in foster care and was with a placement that had regular contact with him for an extended period of time, Appellant really had no relationship with G.L.B. at the time of trial, and an extension would just keep the child in limbo.

The trial court then inquired of Michelle Allison, the CPS caseworker, about when Appellant had entered rehab and confirmed that she was not in rehab during the November hearing that she had not attended. The trial court also confirmed with Allison that Appellant had not visited G.L.B. since the November 10 hearing date and further had not visited G.L.B. since August 20, 2015. The trial court also confirmed with Allison that Appellant had only sporadic contact with Allison during the past months.

The trial court denied the extension request and proceeded to the final hearing that resulted in the order of termination.[1] Based on the record before the trial court, we cannot say that it abused its discretion in denying Appellant's motion for a 180-day extension of the statutory dismissal deadline. *See In re K.P.*, No. 02-09-00028-CV, 2009 WL 2462564, at *4 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op.) ("when a parent, through his or her own choices, fails to comply with a service plan and then at the time of the

---

[1] The evidence at the final hearing included the following: Appellant had not maintained consistent contact with Allison; had no home, did not have a safe place or other reasonable place for G.L.B. to live, and had not been able to provide G.L.B. a safe and stable home; had no job and had not maintained employment during the case; had seven visits with G.L.B. during the case and could have had in excess of 20-25 visits during the case, and had not been in regular contact with G.L.B.; did not participate in individual therapy; had not provided any support for G.L.B.; did not make specific inquiry regarding the needs of G.L.B. (who had had significant special needs and received various therapies while in the Department's care), or how she could help with those needs; did not have the ability to provide the special attention needed by G.L.B., and had no support group.

termination trial requests a continuance or an extension of the statutory dismissal deadline in order to complete the plan, the trial court does not abuse its discretion by denying the continuance or extension").

We overrule Appellant's sole issue and affirm the trial court's termination order.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
[CV06]

